# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2, SUCCESSOR WACHOVIA BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> ANDREW WALBERT, <br><br> Defendant. | 3:17-cv-00991 (CSH) <br><br><br><br> **AUGUST 18, 2017** |

## RULING ON PLAINTIFF'S MOTION TO REMAND

**HAIGHT, Senior District Judge:**

On June 16, 2017, Defendant Andrew Walbert, appearing *pro se*, filed a Notice of Removal removing from the Connecticut Superior Court, Judicial District of Danbury ("the state court" or "the Superior Court") a foreclosure action brought against him by Plaintiff U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2.[1] Plaintiff filed a Motion to Remand the action to the state court and an accompanying Memorandum of Law in Support of its Motion on July 17, 2017. Docs. 9-10. This Ruling resolves Plaintiff's Motion to Remand.

---

[1] Defendant incorrectly named Plaintiff in his removal papers in captions. The Court uses the correct name as stated by Plaintiff in its papers, *see* Doc. 10 at 1 n.1.

**I.      Factual Background**

In December 2004, Wells Fargo Bank N.A. ("Wells Fargo") loaned Defendant and Barbara M. Walbert, the sum of $360,000.00 as evidence by a promissory note (the "Note") made payable to Wells Fargo. Compl. ¶ 1. The Note was secured by a mortgage (the "Mortgage") on Defendant's property at 13 Gopher Road, Newtown, Connecticut. *Id.* ¶ 2. Defendant and Ms. Walbert defaulted on the Note in June 2012. *Id.* ¶¶ 1, 6. Wells Fargo, four months after the default, assigned the Mortgage to Plaintiff, and Plaintiff became the party entitled to enforce both the Note and the Mortgage on or before March 8, 2013. *Id.* ¶¶ 3-5.

Plaintiff filed the writ, summons, and complaint in the state court on June 18, 2013 seeking to foreclose and recover on June 18, 2013. Doc. 10 Ex. A. Service was made on June 12, 2013. Doc. 10 Ex. B. The case entered mediation until May 2014, and mediation ultimately failed. Doc. 10 Ex. A. Default entered in the state court against Ms. Walbert on August 25, 2014 for failure to plead. Doc. 10 at 3. Default subsequently entered in the state court against Defendant for his failure to disclose a defense. *Id.*

On December 8, 2014, the state court granted Plaintiff's motion for judgment of strict foreclosure and entered judgment setting law days commencing April 28, 2015. Doc. 10 at 4. However, on April 20, 2015, the court granted Defendant's motion to open the judgment and set new law days. *Id.* On June 1, 2015, Plaintiff filed a second motion for a judgment of strict foreclosure. *Id.* Defendant filed an objection to this motion as well as a pleading entitled "Motion to Confirm Court's Jurisdiction" and a "Memorandum in Support of the Defense." Doc. 10 at 4-5. On June 11, 2015, Defendant filed a motion to dismiss. *Id.* at 5. On June 16, 2015, the state court entered a judgment of strict foreclosure and set law days beginning September 15, 2015. *Id.* Plaintiff issued

notice of the judgment to all parties on June 24, 2015. *Id.* On July 1, 2015, Defendant filed to open and vacate the judgment and filed an "Amendment" to that motion on July 20, 2015. *Id.* On August 10, 2015, the court denied the motion to dismiss and the motion to open and vacate. *Id.*

On August 31, 2015, Defendant filed an appeal. Doc. 10 at 5. After conducting oral argument, the Appellate Court of Connecticut affirmed the Superior Court's judgment and remanded the case for the purpose of setting new law days. *See U.S. Bank, N.A. v. Walbert*, 170 Conn. App. 907 (2017) (per curiam). Defendant moved for reconsideration en banc, which the Appellate Court denied on March 15, 2017. Doc. 10 at 5; Doc. 10 Ex. A. On April 25, 2017, the Superior Court set a hearing to reset the law days for May 22, 2017, which it cancelled after Defendant filed a Petition for Certification to the Connecticut Supreme Court. Doc. 10 at 5-6. The Connecticut Supreme Court summarily denied Defendant's petition. *See U.S. Bank, N.A. v. Walbert*, 326 Conn. 902 (2017).

On June 16, 2017, after judgment had entered and all avenues of appeal had been exhausted in the Connecticut courts , *see* Doc. 10 Ex. A, Defendant, proceeding *pro se*, removed the foreclosure action to this Court, Doc. 1. In his Notice of Removal, Defendant asserts that he was served with a copy of the summons and complaint on June 18, 2013. Doc. 1 ¶ 2. He claims that no other documents have been filed in the Superior Court and that he has not received any. *Id.* He asserts that his removal is timely based on the Ninth Circuit decision in *Roth v. CHA Hollywood Medical Center*, 720 F.3d 1121 (9th Cir. 2013). *Id.* ¶ 6. He states that the Plaintiff is a citizen of Iowa and he is located in Connecticut, and thus, diversity amongst the parties exists. *Id.* He claims that Plaintiff has acted in bad faith "by not stating the debt amount being foreclosed on, only that it was '$15,000' or more" in the complaint, which prevented him from removing the case to federal

court. *Id.* ¶ 7. He also claims that Plaintiff is "a habitual offender" of acting in bad faith because he "found scores of foreclosure complaints where the plaintiff filed 'Statements of Amount in Demand' stating only that the debt is 'more than $15,000.'" *Id.* ¶ 8.

## II. Standard of Review

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists. 28 U.S.C. § 1332(a). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Notice of removal must be filed either within thirty days of receiving a copy of the initial pleading setting forth the claim for relief, or within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(b).

Moreover, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Acorne Prods., LLC v. Tjekanovrian*, No. 14–CV–2179, 2014 WL 3360344, at *3 (E.D.N.Y. July 9, 2014) (quoting *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320,

325 (S.D.N.Y. 2007)) (internal quotation marks omitted). All of the facts in the record at the time of removal may be considered. *Connecticut v. YP Advertising & Publ'g LLC*, No. 3:16-cv-1424, 2017 WL 810279, at *4 (D. Conn. March 1, 2017) (citing *inter alia Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010)), *denying reconsideration* 2017 WL 1246333 (D. Conn. April 3, 2017). All relevant allegations contained in the complaint are also accepted as true. *See Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 n.2 (S.D.N.Y. 2014). The party asserting jurisdiction must prove that jurisdiction is proper by a preponderance of the evidence and that the procedural requirements have been met. *See Hayes v. Pfizer, Inc.*, No. 3:15-cv-1954, 2016 WL 1363623, at *1 (D. Conn. April 6, 2016).

**III.    Discussion**

Plaintiff argues that remand is necessary in this action for a number of reasons, including: (1) the Court lacks subject matter jurisdiction because Defendant is a citizen of Connecticut or under the *Rooker-Feldman* doctrine, and (2) the removal was untimely. Doc. 10 at 9-13. Plaintiff also argues that it is entitled to attorneys' fees and costs related to the remand pursuant to the terms of the Note and Mortgage or pursuant to 28 U.S.C. § 1447(c). *Id.* at 14-15. Defendant filed a response to Plaintiff's motion arguing again that the removal is not untimely because of Plaintiff's bad faith and that diversity of citizenship exists even though he is a resident of Connecticut. Doc. 13 at 1-6. The Court will address whether jurisdiction exists for this action, whether the removal was timely, and Plaintiff's contingent entitlement to attorneys' fees and costs.

    **A.    Subject Matter Jurisdiction**

In Defendant's Notice of Removal, Defendant acknowledges that he is located in Connecticut and that diversity of citizenship, 28 U.S.C. § 1332, provides the only possible basis of removal of

this state foreclosure action. Doc. 1 ¶¶ 5, 6. Defendant does not allege that he is domiciled in any place other than Connecticut, and indeed in his opposition to Plaintiff's motion states that he is a resident of the state of Connecticut. *Id.* ¶ 6; Doc. 13 ¶ 7. The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 must demonstrate that the grounds for diversity exist and that diversity is complete. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001). "For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced." *Bank of Am. Nat'l Ass'n v. Derisme*, 743 F. Supp. 2d 93, 103 (D. Conn. 2010) (citing *Durant, Nichols, Houston, Hodgson & Cortese–Costa PC v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)). Because Defendant appears to be a citizen of Connecticut, and has not alleged that he is a citizen of any other state, and Connecticut is the state in which the civil action is brought, the foreclosure action is not removable. *See* 28 U.S.C. § 1441(b)(2); *see also Speranza v. Leonard*, 925 F. Supp. 2d 266, 272 (D. Conn. 2013) (holding that removal based on diversity of citizenship was barred where defendant was a resident of Connecticut, the state in which the action was brought); *Derisme*, 743 F. Supp. 2d at 102-03 (holding that despite a defendant's arguments otherwise, she was domiciled in Connecticut when she mortgaged her property and a foreclosure action against her began, and thus, could not remove the action to federal court).

Defendant repeatedly ignores, and fails at all to address in his opposition, 28 U.S.C. § 1441(b)(2), which provides that actions (like this one) based solely on diversity jurisdiction are not removable where a defendant is a citizen of the state in which the action is originally brought. Thus, regardless of where Plaintiff is located, or even which entity is the correct Plaintiff,[2] the Court lacks

---

[2] Defendant appears to argue it should also be Wells Fargo Bank, N.A. *See* Doc. 13 ¶¶ 8-9.

subject matter jurisdiction over this case against the Walberts. There is no jurisdiction to hear the claims in this action based on diversity of citizenship, and this action must be remanded on this basis alone.[3]

   B.   **Timeliness of Removal**

Even if Defendant were not a citizen of Connecticut, removal of this action is not timely. In general, a notice of removal must be filed within thirty days after service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(1). There are, of course, exceptions to the thirty-day deadline, including 28 U.S.C. § 1446(b)(3), which allows removal within thirty days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* However, this exception is limited by 28 U.S.C. § 1446(c)(1), which provides that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Although "[d]efects in removal procedure, including lack of timeliness, are not jurisdictional," the "statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Edelman v. Page*, 535 F. Supp. 2d 290, 292 (D. Conn. 2008) (quoting *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 436

---

[3] Defendant, in his opposition, appears to rely on a Supreme Court case, *Lynch v. Household Finance Corp.*, 405 U.S. 538 (1972), to assert that jurisdiction is proper in this instance. However, Lynch is inapposite. In *Lynch*, the Supreme Court addressed the scope of a civil rights statute, 42 U.S.C. § 1983 and its jurisdictional counterpart 28 U.S.C. § 1343(3). *Id.* at 540-42. Because there are no § 1983 claims at issue here, and the jurisdictional statute § 1343 is not implicated, any rule or holding from *Lynch* is not applicable to the case at bar.

(S.D.N.Y. 2006)) (internal quotation marks omitted).

This action was commenced in the state court in 2013 and Defendant did not seek to remove it until 2017, which is well outside of the one-year period. Defendant asserts repeatedly that Plaintiff acted in bad faith, and therefore, he should be excused from this deadline. However, Defendant fails to assert any facts from which the Court can conclude that Plaintiff acted in bad faith to prevent the removal of this action. It was clear from Plaintiff's complaint that Plaintiff sought a remedy well in excess of $75,000. Plaintiff alleged that "[t]he unpaid balance due pursuant to the terms of said note is $366,723.81 plus interest from May 1, 2012 and late charges and collections, that have not been paid although due and payable," and Plaintiff "had exercised its option to declare the entire balance of said note due and payable." *See* Compl. ¶¶ 5-6. It is clear that, given the amount due and owing on the Note and Mortgage, the amount in controversy well exceeded the jurisdictional requirement of $75,000.

Disregarding this clear evidence of an amount in controversy, Defendant takes issue with the fact that Plaintiff's "Statement of Demand" included in its complaint did not state a specific amount of damages sought. Doc. 1 ¶ 7. However, by not stating a specific amount of damages sought and filing a demand that stated only that the amount exceeded $15,000, Plaintiff was in fact complying with Connecticut state law. *See* Conn. Gen. Stat. § 52-91 (requiring that where money damages are sought that exceed $15,000 the demand for relief must set forth only "[t]hat the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs"); *see also Luce v. Kohl's Dept. Stores Inc.*, 23 F. Supp. 3d 82, 84-85 (D. Conn. 2014) ("Indeed, state court plaintiffs in Connecticut need not allege damages with particularity . . . Connecticut law requires a plaintiff to allege no more than the amount in demand exceeds $15,000,"). In addition,

Defendant appears to raise a new argument in his opposition that he discovered recently for the first time, by reading the trust's Pooling and Servicing Agreement, that the assignment of his mortgage to "the purported Plaintiff U.S. Bank National Association" is void. Doc. 13 ¶¶ 2-6.[4] Even assuming this to be true, it does not demonstrate that Plaintiff acted in bad faith, in an effort to conceal or avoid the removable nature of the lawsuit. Defendant's argument has nothing at all to do with the diversity of the parties or the amount in controversy.

There was no bad faith or ill intention by Plaintiff here, or in the other cases cited by Defendant in its Notice of Removal. Instead, it was clear from Plaintiff's complaint that the amount in controversy exceeded the jurisdictional requirement and Plaintiff simply sought to comply with the applicable state law with the demand section in its complaint. Regardless of what Defendant subsequently discovered, Defendant's removal several years after commencement of the action is untimely.[5] *See* 28 U.S.C. § 1446(c)(1).

Having concluded that the action was not removable because there is no jurisdiction, and even if there were, the removal was untimely, the Court need not reach Plaintiff's additional argument that the action is also barred by the *Rooker-Feldman* doctrine. Regardless of whether the

---

[4] Defendant's argument appears to be that the Note and Mortgage were assigned to the Plaintiff after the "cut off" date in the Pooling and Servicing Agreement, and therefore, it is void.

[5] In addition, the Ninth Circuit case relied upon by Defendant has no application to this case. In *Roth*, 720 F.3d at 1125, the Ninth Circuit held that a defendant can remove a case outside the two thirty-day periods imposed by § 1446(b)(1) and (b)(3) on the basis of its own information if the defendant has not run afoul of either of those deadlines. Here, Defendant has, in fact, run afoul of those deadlines because it was reasonably ascertainable from the face of the complaint that the amount in controversy exceeds $75,000. In any event, the court in *Roth* recognized that § 1446(c)(1) would provide a proper limit on its holding non-class action diversity cases by requiring that they be removed within one year from the commencement of the action. 720 F.3d at 1126. Thus, the holding in *Roth* does not mean that the limitation in § 1446(c)(1) would not apply even if Defendant could have otherwise removed the action. It does, and it bars Defendant's removal here.

doctrine applies, there is no jurisdiction to support the removal of this action and it must be remanded to state court.

### C. Attorneys' Fees and Costs

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award may be made without a showing of bad faith or frivolity, and deciding whether to make the award requires consideration of the overall nature of the case, circumstances of the remand, and effect on the parties. *See Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992).

As described in detail above, Defendant clearly did not have a reasonable basis for alleging that this action was removable or that the removability of it was concealed by Plaintiff in bad faith. Defendant's removal has delayed the ultimate adjudication of the merits of the action, which commenced over four years ago, and caused unnecessary expenditures of fees and time by Plaintiff and this Court addressing his removal. Defendant's failure to address the governing law, or even to accurately represent the status of this litigation in state court, is consistent with a willingness on Defendant Walbert's part to needlessly consume the time of this Court and the energies of opposing counsel; surely Defendant's conduct of the case had those negative effects. Given these circumstances, the Court will award Plaintiff its fees and reasonable costs related only to this removal. *See Kuperstein v. Hoffman-Laroche, Inc.*, 457 F. Supp. 2d 467, 473-74 (S.D.N.Y. 2006) (awarding fees and costs where complaint alleged elements of cause of action against non-diverse defendants and defendants failed to support claim of fraudulent joinder). Plaintiff is directed to submit an affidavit itemizing such costs and fees as well as supporting the reasonableness of any

attorneys' fees sought on or before **September 5, 2017**. Plaintiff's application for attorneys' fees and expenses must comply with the Second Circuit's requirements articulated in *New York State Association for Retarded Children Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983). Defendant may file any objections on or before **September 15, 2017**, and the matter will then be ripe for decision.[6]

## IV. Conclusion

For the reasons set forth herein, this Court GRANTS Plaintiff's motion for remand and to recover from Defendant their costs and reasonable attorneys' fees. The parties shall make submissions with respect to costs as directed. This Court shall retain jurisdiction over the parties solely for the purpose of setting the amount of costs and attorneys' fees if submitted by Plaintiff. This case shall be remanded forthwith to the Connecticut Superior Court, Judicial District of Danbury. The Clerk of the Court is directed to close this case, without prejudice to reopening if Plaintiff submits an application for attorneys' fees and costs in proper form.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut
August 18, 2017**

*/s/ Charles S. Haight, Jr.*
**CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE**

---

[6] Because the Court will award fees and costs pursuant to the statute, it need not address Plaintiff's argument that it is entitled to such fees and costs pursuant to the Note and Mortgage.