# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2, SUCCESSOR WACHOVIA BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> ANDREW WALBERT, <br><br> Defendant. | 3:17-cv-00991 (CSH) <br><br><br><br> **October 16, 2017** |

## RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

**HAIGHT, Senior District Judge:**

On June 16, 2017, Defendant Andrew Walbert ("Defendant"), appearing *pro se*, filed a Notice of Removal removing from the Connecticut Superior Court, Judicial District of Danbury a foreclosure action brought against him by Plaintiff U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 ("Plaintiff").[1] Plaintiff filed a Motion to Remand the action to the state court and an accompanying Memorandum of Law in Support of its Motion on July 17, 2017. On August 18, 2017, this Court issued a Ruling [Doc. 14] granting Plaintiff's Motion to Remand ("August 18 Ruling"), familiarity with which is assumed.

On August 31, 2017, Defendant filed a motion for reconsideration of the Court's August 18

---

[1] Defendant incorrectly named Plaintiff in his removal papers in the captions. The Court uses the correct name as stated by Plaintiff in its papers, *see* Doc. 10 at 1 n.1.

Ruling. Doc. 15. For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.

**I.	Standard of Review**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The Second Circuit has adhered to the strict standard for reconsideration set forth in *Shrader. See, e.g.*, *Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (quoting *Shrader,* 70 F.3d at 257). In this District, the Local Rules of Civil Procedure dictate that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1).

It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), *as amended* (July 13, 2012). *See also Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) ("A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." (quotation

marks and citation omitted)); *Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[A] motion for reconsideration is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* ... and which, had they been considered, might have reasonably altered the result before the court." (emphasis in original) (citation and quotation marks omitted)). It thus follows that the "major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). *See also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (same).

**II.     Discussion**

In seeking reconsideration of the Court's August 18 Ruling, Defendant argues that he is "not removing this case based on Diversity and Rooker-Feldman does not apply because we are bringing up issues which were not previously litigated in the State Court action." Doc. 15 at 1. Defendant quotes at length from an unknown treatise that discusses removal, jurisdiction based on a federal question, and Article III, Section II of the Constitution. *See id.* at 1-2. Defendant references the Supreme Court's decision in *Lynch v. Household Finance Corp.,* 405 U.S. 538 (1972), seemingly to advance the argument that the Court has federal question jurisdiction to hear this case, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.[2] He alleges that his 14th Amendment "right to be heard

---

[2] The Court previously determined that *Lynch* is inapplicable to the case at bar. Defendant does not offer any new information in his motion for reconsideration that would cause the Court to revisit that finding.

in federal court" will be violated if this case is remanded. Doc. 15 at 5.

Defendant's request for reconsideration does not pass muster under the strict standards for reconsideration. As an initial matter, the arguments that Defendant asserts were not previously presented to this Court. Defendant states that he is not removing the case based on diversity jurisdiction, in direct contravention to Defendant's prior filings which specifically cited diversity as the basis of the Court's jurisdiction to hear this matter. *See* Doc. 1 at 2; Doc. 13 at 5. Indeed, in opposition to Plaintiff's motion to remand, Defendant argued at length that the Court has jurisdiction to hear this case based on the diversity of the parties and the amount in controversy. *See* Doc. 13 at 5-6. Defendant now appears to assert that the Court should exercise its federal question jurisdiction, as he raises claims pursuant 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343. As this argument was not advanced previously, it is not a proper basis for reconsideration. *See Smith v. New York City Dep't of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("A motion for reconsideration is not the appropriate mechanism for a party to ... advance new facts, issues, or arguments not previously presented to the court." (citation omitted)).

Even were the Court to consider Defendant's argument, it would find it to be without merit. District courts have jurisdiction over "all civil actions arising under the constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' Federal jurisdiction cannot be predicated on an actual or anticipated defense. ... Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Here, Plaintiff's complaint suggests no basis for federal question jurisdiction; the allegations in the

complaint are solely premised upon a state foreclosure action.[3] Accordingly, the Court still finds no basis to exercise its jurisdiction over this matter.

Moreover, Defendant's argument regarding jurisdiction does not resolve the untimeliness of the removal of this action, which was previously determined to be an independent ground warranting remand. As the August 18 Ruling noted, even were the Court to have subject matter jurisdiction over this matter– which it does not– Defendant's removal of the action is untimely.

Finally, the Court notes that the motion to reconsider is itself untimely, furnishing another ground for its denial. *See Lopez*, 375 F. Supp. 2d at 21 ("[A] failure to timely file a motion for reconsideration constitutes sufficient grounds for denying the motion."). Local Rule 7(c) requires a motion for reconsideration to be filed within seven days from the order from which relief is sought. D. Conn. L. Civ. R. 7(c)(1). Defendant's motion was filed thirteen days following the Court's Ruling, and is therefore late.

In sum, Defendant's motion to reconsider does not "point to controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. Defendant's motion only attempts to raise new arguments which were not before the Court on the original motion; this fails as a basis for reconsideration. In any event, the motion is untimely. Accordingly, Defendant's motion for reconsideration will be denied.

---

[3] To the extent Defendant seeks to challenge or overturn the state court proceedings regarding the foreclosure of his home, as noted in the August 18 Ruling, this Court would also likely lack subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Ashby v. Polinskv*, 328 Fed. App'x 20, 21 (2d Cir. 2009).

## III. Conclusion

For the foregoing reasons, Defendant's Motion for Reconsideration is DENIED. This case shall be remanded forthwith to the Connecticut Superior Court, Judicial District of Danbury.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
**October 16, 2017**

*/s/ Charles S. Haight, Jr.*
**CHARLES S. HAIGHT, JR.**
**Senior United States District Judge**