UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2, SUCCESSOR WACHOVIA BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> ANDREW WALBERT, <br><br> Defendant. | 3:17-cv-00991 (CSH) <br><br><br> October 16, 2017 |

### RULING ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND COSTS

**HAIGHT, Senior District Judge:**

On August 18, 2017, this Court granted a motion by Plaintiff U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2[1] ("Plaintiff"), seeking remand of this matter to state court. The Court ordered that Defendant Andrew Walbert ("Defendant") pay Plaintiff attorney's fees and costs, pursuant to 28 U.S.C. § 1447(c). The instant ruling resolves Plaintiff's subsequent application for attorney's fees, Doc. 17. For the reasons that follow, the Court declines to award Plaintiff the amount it requests and directs payment by Defendant of a lesser amount.

---

[1] Defendant incorrectly named Plaintiff in his removal papers in the captions. The Court uses the correct name as stated by Plaintiff in its papers, *see* Doc. 10 at 1 n.1.

# I. BACKGROUND

On June 16, 2017, Defendant, appearing *pro se*, filed a Notice of Removal [Doc. 1] removing from the Connecticut Superior Court, Judicial District of Danbury a foreclosure action brought against him by Plaintiff. Plaintiff filed a Motion to Remand the action to the state court and an accompanying Memorandum of Law in Support of its Motion on July 17, 2017. [Docs. 9, 10]. On August 18, 2017, this Court issued a Ruling [Doc. 14] granting Plaintiff's Motion to Remand to State Court, familiarity with which is assumed, and is described only as necessary here.

The Court concluded that Defendant did not have a reasonable basis for alleging that the action was removable or that the removability of it was concealed by Plaintiff in bad faith. *See* Doc. 14 at 10. The Court determined that "Defendant's removal has delayed the ultimate adjudication of the merits of the action, which commenced over four years ago, and caused unnecessary expenditures of fees and time by Plaintiff and this Court addressing his removal." *Id.* The Court noted that Defendant had not addressed the governing law, nor had he accurately represented the status of the state court litigation. *See id.* Accordingly, the Court determined that Plaintiff was entitled to attorney's fees and costs related to Defendant's removal of the case, pursuant to 28 U.S.C. § 1447(c). *See id.* 10-11.

Plaintiff was directed to submit an affidavit itemizing its costs and fees "related only to this removal." *Id.* at 10. The Court required the submission of this affidavit by September 5, 2017, with any objections from Defendant due on or before September 15, 2017. Plaintiff's application was submitted on September 5, 2017. [Doc. 17]. No objections were raised to the submission by Defendant. This matter is ripe for the Court's review.

# I. STANDARD OF REVIEW

"The district court retains discretion to determine ... what constitutes a reasonable fee." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998)); *see also Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992) (noting that 28 U.S.C. § 1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). "However, this discretion is not unfettered," and "the district court must abide by the procedural requirements for calculating those fees articulated by [the Second Circuit] and the Supreme Court." *Millea*, 658 F.3d at 166.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The resulting amount "is only presumptively reasonable; it is still within the court's discretion to adjust the amount upward or downward based on the case-specific factors." *Tyco Healthcare Grp. LP v. Ethicon Endo-Surgery, Inc.*, No. 3:10-CV-60, 2012 WL 4092515, at *1 (D. Conn. Sept. 17, 2012) (quotation marks and citation omitted).

This Circuit follows the dictates of Judge Newman's opinion in *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983), in evaluating a movant's proffered evidence supporting its attorneys' fees request:

> All applications for attorney's fees, whether submitted by profit-making or non-profit lawyers, for any work done after the date of this opinion should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.

*Id.* at 1154. The Second Circuit subsequently clarified its use of the word "normally" in *Carey*,

holding that while it "indicates that we intend to leave the district courts with some limited discretion to make exceptions to the hard-and-fast rule," *Carey* nonetheless "sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). "In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Id.*

"Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (citing *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)). In determining a fee award, the Court is mindful that "attorney's fees are to be awarded 'with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees.'" *Carey*, 711 F.2d at 1139 (quoting *Beazer v. New York City Transit Authority*, 558 F.2d 97, 101 (2d Cir. 1997)).

## II. <u>DISCUSSION</u>

**A.     Plaintiff's Statement of Reasonable Attorneys' Fees**

Plaintiff submitted for consideration a declaration of counsel, summarizing which individuals performed work on this matter, their concomitant hourly rates, and the hours of work performed in connection with this removal matter. *See* Doc. 17. Plaintiff's declaration includes two tables which detail the hours billed and calculate the total amount of attorneys' fees incurred. *See* Doc. 17 at 3, 4. Attached to Plaintiff's declaration at Exhibits A and B are the biographies of the two attorneys who billed time for this matter, Attorney David Bizar and Attorney Anne Dunne. *See* Docs. 17-1, 17-2. At Exhibit C, Plaintiff attaches the actual monthly invoices reflecting work performed on this matter from June 30, 2017, through and including July 17, 2017. *See* Doc. 17-3. Finally, at Exhibit D, Plaintiff attaches a copy of the billing records for the time incurred but not yet billed through August

18, 2017. *See* Doc. 17-4. Plaintiff seeks reimbursement of a total of $8,839 in fees, representing 26 hours of work. Although Defendant does not challenge the reasonableness of Plaintiff's counsel's hourly rates or the hours of work they expended in connection with this matter, the Court will conduct an independent review to determine whether said rates and hours are indeed reasonable. *See Jaeger v. Cellco P'ship*, No. 3:11-CV-1948, 2015 WL 1867661, at *3 (D. Conn. Apr. 23, 2015) (reviewing and reducing a fee request even where plaintiff did not challenge "the reasonableness of the total fees requested or the reasonableness of the attorneys' hourly rates").

**B.     Reasonable Hourly Rate**

The Court addresses first the hourly rates sought by the attorneys that performed work for Plaintiff. Determination of a prevailing rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005). The Court may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Id.* (collecting cases). This determination also requires "an evaluation of evidence proffered by the parties." *Id.*

Plaintiff requests reimbursement for work performed by out-of-district counsel. "According to the forum rule, courts 'should generally use "the hourly rates employed in the district in which the reviewing court sits" in calculating the presumptively reasonable fee.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill*, 493 F.3d at 119); *see also Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 338 (S.D.N.Y. 2016) ("A reasonable hourly rate is based on the current prevailing market rate for lawyers in the district in which the ruling court sits." (quotation marks and citation omitted)). Thus,

when faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule. In order to overcome that presumption, a litigant must persuasively establish that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result.

*Simmons*, 575 F.3d at 175. "Mere proximity of the districts and brand name or prestige of the attorneys will not overcome the presumption. The party seeking the award must make a particularized showing that the selection of counsel was based on experience and objective factors <u>and</u> that use of in-district counsel would produce a substantially inferior result." *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-01897, 2017 WL 1399630, at *4 (D. Conn. Apr. 18, 2017) (citations omitted).

Two attorneys and a paralegal employed at the Boston, Massachusetts location of the law firm of Seyfarth Shaw, LLP performed work on this matter on behalf of Plaintiff: (1) Attorney David Bizar, a partner; (2) Attorney Anne Dunne, an associate; and (3) Joshua Barthel, a paralegal. Counsel contends that the hourly billing rates of the attorneys who performed work on this matter "are reasonable given their experience and reputation in the industry." Doc. 17 at 4. Despite the fact that counsel are from out of state, counsel's declaration does not address the presumption in favor of the application of the forum rule, and thus does not seek to overcome this presumption. The Court therefore applies the forum rule in assessing the hourly rates requested by Plaintiff. The Court will now determine the reasonableness of the hourly rate requested by each individual that performed work on this matter.

1. **Attorney Bizar**

Attorney Bizar is a partner in the Boston, Massachusetts office of Seyfarth Shaw, LLP. His biography, attached to his declaration, indicates that he graduated from law school in 1994. *See* Doc.

17-1 at 2. He is the chair of the firm's Consumer Financial Services Litigation practice group and his numerous listed accomplishments include being "recognized as a preeminent litigator in the field of consumer financial services law." *Id.* at 2. Mr. Bizar has authored and co-authored a number of publications, and has participated in a number of presentations. *See id. at* 5-7. He bills at a rate of $485 per hour for this matter.

The Court's survey of fee awards reveals that Attorney Bizar's hourly rate is higher than those routinely awarded to attorneys in this District for comparable services. *See Crawford v. City of New London*, No. 3:11-CV-1371, 2015 WL 1125491, at *3 (D. Conn. Mar. 12, 2015) (noting that in this District, an hourly rate of $450 "is on the high end and is generally reserved for particularly distinguished attorneys successfully taking on difficult or novel cases" (collecting cases)); *see e.g.*, *Rousseau v. Morris*, No. 3:11-CV-01794, 2014 WL 941476, at *1 (D. Conn. Mar. 11, 2014) (finding a rate of $350 per hour is reasonable for a nationally-recognized attorney with over 35 years of experience litigating consumer matters); *Serricchio v. Wachovia Sec., LLC*, 706 F. Supp. 2d 237, 255 (D. Conn. 2010) (finding $465 is a reasonable hourly rate for an attorney with 37 years of employment law experience and strong credentials), aff'd, 658 F.3d 169 (2d Cir. 2011). Although Attorney Bizar appears to have extensive experience in consumer litigation, this case did not present particularly novel or complex issues that would warrant a departure from the rates typically awarded in this District for comparable experience and work. Based on the above, the Court determines that a rate of $425 per hour is reasonable for Attorney Bizar.

### 2. Attorney Dunne

Attorney Dunne is a litigation associate in the Boston office of Seyfarth Shaw LLP. Ms. Dunne graduated from law school in 2011, and practices as a member in several of the firm's practice

groups, including Consumer Financial Services Litigation. *See* Doc. 17-2 at 2. She has co-authored two publications and has participated in a presentation. *See id.* at 3. Ms. Dunne bills at a rate of $305 for this matter. The Court hereby reduces Attorney Dunne's rate to $250 per hour, which is in accordance with the rates deemed reasonable in this District for an attorney with comparable experience. *See, e.g., Friedman v. SThree PLC.*, No. 3:14-CV-00378, 2017 WL 4082678, at *12 (D. Conn. Sept. 15, 2017) (finding an hourly rate of $250 for an attorney with six years of experience reasonable); *Crawford*, 2015 WL 1125491, at *3 (finding an hourly rate of $250 for an attorney with eight years experience "in line with the rates charged by other associates with his level of experience"); *Parris v. Pappas*, 844 F. Supp. 2d 262, 267 (D. Conn. 2012) (finding $225 per hour an appropriate rate for an attorney with five years of legal experience).

### 3. Paralegal Barthel

Plaintiff provides no information about Mr. Barthel's background and experience. He bills at a rate of $80 per hour, which is well within the range of that which that is generally awarded in this District for the work of paralegals. *See KX Tech LLC v. Dilmen LLC*, No. 3:16-CV-00745, 2017 WL 2798248, at *9 (D. Conn. June 28, 2017) (finding $150 per hour "commensurate with the hourly rates typically awarded for the work of paralegals in this District" (collecting cases)). Thus, the Court accepts the hourly rate proposed for Mr. Barthel.

## C. Hours Expended

The Court now addresses the reasonableness of the hours expended. Plaintiff is seeking reimbursement for a total of 26 hours billed in connection with the removal matter. Attorney Bizar

billed 5.8 hours; Attorney Dunne billed 19.6 hours; and Paralegal Barthel billed .6 hours.[2] Attorney Dunne spent 16.2 hours conducting legal research, and drafting Plaintiff's motion to remand and its accompanying memorandum of law. Attorney Bizar spent an additional 4.8 hours revising the draft of the motion. The Court finds that this time was reasonably expended, and awards the full amount billed for this work. Plaintiff also bills .9 of Attorney Dunne and Attorney Bizar's time, for work in "reviewing and analyzing opposition to [the] motion to remand;" reviewing the Court's August 18 Ruling, and additional work and communications necessitated by the Ruling. The Court finds that this time was reasonably expended.

However, the Court will not award .3 hours that Attorney Dunne billed for emails and communications with Attorney Bizar. The submitted description of the work performed states "Emails to and from D. Bizar regarding" and "Communicate with D. Bizar regarding". Both descriptions end there, as the remainder of each entry is redacted. "A court may ... refuse to award fees based on time entries that provide a vague description of the work performed." *Smart SMR of New York, Inc. v. Zoing Comm'n of Town of Stratford*, 9 F. Supp. 2d 143, 150 (D. Conn. 1998) (citing *Conn. Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687, 690-91 (D. Conn. 1994)). "Entries stating such vague references as 'review of file', 'review of correspondence', 'research', 'conference with client', and 'preparation of brief' do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter." *Mr. & Mrs. B. v. Weston Bd. of Ed.*, 34 F. Supp. 2d 777, 781 (D. Conn. 1999) (collecting cases). From the vague and incomplete

---

[2] Plaintiff divides the fees sought into two categories: those invoiced, and those not yet invoiced. Plaintiff provides a table of hours and fees for each category. The Court combined the information in both tables to determine the total amount of time that is sought for reimbursement for each individual.

description provided by Plaintiff, the Court is unable to determine whether the communications between Attorney Dunne and Attorney Bizar were in connection with the motion to remand, and cannot determine whether the hours requested are reasonable.

Finally, Plaintiff seeks reimbursement for the time spent preparing the instant fee application. Plaintiff's declaration notes that services were rendered on September 1, 2017, and on September 5, 2017, but records for such work "are unavailable as they have not been generated in the billing system as of the time of this filing."[3] Plaintiff does not otherwise indicate, for each attorney, the hours expended or the nature of the work done on these particular dates. Plaintiff's application for this time is not documented with "contemporaneous time records," *Carey*, 711 F.2d at 1148, and Plaintiff presents no particularly unusual circumstance that would cause the Court consider an exception to *Carey*'s "hard-and-fast rule" requiring such supporting documentation. *Scott*, 626 F.3d at 133. Accordingly, the Court will not award Plaintiff the fees for the 3.2 hours of work sought in connection with the preparation of this application.

After calculating a total reduction of .8 hours of Attorney Bizar's time, and 2.7 hours of Attorney Dunne's time, the Court finds that pursuant to 28 U.S.C. § 1447(c), Plaintiff has spent 22.5 hours in reasonably expended and documented time as a result of Defendant's removal of this action, amounting to an award of $6,398 in attorneys' fees, utilizing the reasonably hourly rates set by the Court.

---

[3] The fee application does not specifically set forth the number of hours that were expended on September 1, 2017, and September 5, 2017. The Court has analyzed the billing records submitted and has compared them with the total number of hours requested. The Court has determined that 3.2 hours are not accounted for, and thus assumes that is the number of hours that were spent in connection with the instant fee application.

## III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff is entitled to $6,398 in attorneys' fees, representing 22.5 hours of work reasonably incurred as a result of Defendant's removal of this action. Defendant is ORDERED to transmit to Plaintiff the amount of $6,398 in attorneys' fees, on or before **November 15, 2017.**

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
**October 16, 2017**

                                        */s/ Charles S. Haight, Jr.*
                                        **CHARLES S. HAIGHT, JR.**
                                        **Senior United States District Judge**