UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR2, SUCCESSOR WACHOVIA BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> ANDREW WALBERT, <br><br> Defendant. | 3:17-cv-00991 (CSH) <br><br><br><br> **November 7, 2017** |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION [Doc. 21]**

**HAIGHT, Senior District Judge:**

On June 16, 2017, Defendant Andrew Walbert ("Defendant"), appearing *pro se*, filed a Notice of Removal removing from the Connecticut Superior Court, Judicial District of Danbury a foreclosure action brought against him by Plaintiff U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-AR2 ("Plaintiff"). On July 17, 2017, Plaintiff filed a Motion to Remand the action to state court, which Defendant opposed on August 6, 2017. On August 18, 2017, this Court issued a Ruling [Doc. 14] granting Plaintiff's Motion to Remand.

On August 31, 2017, Defendant filed a motion for reconsideration of the Court's August 18 Ruling. [Doc. 15]. On September 5, 2017, Plaintiff filed opposition to Defendant's motion, and submitted a declaration of attorneys' fees and costs. [Doc. 17]. Defendant did not file opposition to

Plaintiff's application for fees. On October 16, 2017, this Court denied Defendant's motion for reconsideration of the August 18 Ruling. [Doc. 18]. On the same date, the Court issued a Ruling awarding Plaintiff $6,398 in attorneys' fees ("October 16 Attorneys' Fees Ruling"). [Doc. 19]. Familiarity with this Ruling is presumed. Pending before the Court is Defendant's motion for reconsideration of the October 16 Attorneys' Fees Ruling. For the reasons set forth herein, Defendant's motion is DENIED.

**I.     Standard of Review**

As this Court has recently had occasion to discuss, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)); *see also Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (quoting *Shrader,* 70 F.3d at 257). In this District, the Local Rules of Civil Procedure dictate that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)1.

It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), *as amended* (July 13,

2012). *See also Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) ("A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." (quotation marks and citation omitted)); *Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[A] motion for reconsideration is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court." (emphasis in original) (citation and quotation marks omitted)).

## II. Discussion

Defendant moves for reconsideration of the Court's October 16 Attorneys' Fees Ruling awarding Plaintiff $6,398 in attorneys' fees, contending that the hours billed by counsel for Plaintiff were excessive. In support of this argument, Defendant submits that he has reviewed other cases in which counsel for Plaintiff has submitted paperwork "almost identical" to the motion to remand filed in the instant case. Doc. 21 at 1. Thus, Defendant reasons, the hours billed in relation to the work performed on the motion to remand "far exceed the true amount of time" counsel spent on this matter. *Id*. Defendant acknowledges that he did not submit an objection to the application for fees, "but again, I am pro se." *Id.*

As an initial matter, Defendant's motion for reconsideration is untimely. A motion for reconsideration must be filed within seven days of the filing of the order from which such relief is sought. D. Conn. L. Civ. R. 7(c)1. Defendant's motion for reconsideration was filed eleven days after the October 16 Attorneys' Fees Ruling, and is therefore late. This is particularly egregious given the

fact that the Court denied Defendant's prior reconsideration motion for, *inter alia,* its untimeliness. Defendant's motion makes no mention of this missed deadline, but does appear to request leniency based on his self-represented status. While a *pro se* litigant may be entitled to "special solicitude," the "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal citations and quotation marks omitted); *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) (same). Thus, Defendant's *pro se* status does not excuse him from complying with deadlines, which can be easily understood and met without specialized legal training. As Defendant's motion for reconsideration is late, it will be denied.

Even were the Court to consider Defendant's motion on the merits, it fails to meet the strict standard for reconsideration. "It is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court.'" *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)); *see also Palmer v. Sena*, 474 F. Supp. 2d 353, 355-56 (D. Conn. 2007) ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion." (quotation marks and citation omitted)).

Defendant argues that the hours billed by Plaintiff's counsel in connection with the removal matter were excessive.[1] Despite an opportunity to do so, Defendant failed to raise this argument in

---

[1] In essence, Defendant claims that Plaintiff's counsel inflated the billed hours on this matter. Defendant states that he "reviewed other Federal removal cases where Attorney Bizar was counsel for the foreclosing plaintiff," and this review revealed "mostly boilerplate motions almost identical"

response to Plaintiff's application for fees. Further, the Court already considered and addressed the reasonableness of the hours expended by Plaintiff's counsel in its October 16 Attorneys' Fees Ruling. The Court determined that the hourly rates of counsel were higher than the prevailing market rates for counsel of similar experience and skill in this District and reduced counsel's rates accordingly. The Court also deducted hours based on vague entries. Finally, the Court decided that it was not appropriate to award counsel for several hours of work sought in connection with the fee application where counsel had failed to include contemporaneous time records. *See generally* Doc. 19.

In sum, Defendant has not pointed to controlling decisions or data that the court overlooked in its initial order. Further, his motion is untimely. Accordingly, for the foregoing reasons, Defendant's *Motion for Reconsideration* is DENIED.

**It is SO ORDERED.**

    Dated: New Haven, Connecticut
    November 7, 2017

                                               */s/ Charles S. Haight, Jr.*
                                               **CHARLES S. HAIGHT, JR.**
                                               **Senior United States District Judge**

---

to the papers filed by Attorney Bizar in this matter. Doc. 21 at 1. Thus, Defendant concludes, "his fees and costs far exceed the true amount of time he actually spend [sic] in the removal action." *Id.* Defendant does not offer any evidence to support this rather inflammatory accusation. Moreover, the Court's research revealed no other case in this District – or in any other District in this Circuit – in which Attorney Bizar filed a similar motion to remand the matter to state court. Quite the opposite, it appears that Attorney Bizar often appears in federal court representing a removing defendant, not representing a plaintiff requesting remand. The motion papers filed in those cases bear no resemblance in form or law to those filed in the instant matter. Thus, the Court finds no support for Defendant's contention that the time spent researching and drafting the motion to remand in this case was excessive.